UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

IN RE: MONIQUE DENAE MURPHY          Case No. 4:25-bk-12682J
                                                         (Chapter 13)
Debtor.

## MOTION FOR STAY PENDING APPEAL
## AND INCORPORATED BRIEF IN SUPPORT

COMES NOW, PPMG of Texas, LLC ("PPMG"), by and through undersigned counsel, pursuant to Fed. R. Bankr. P. 8007, and hereby respectfully moves this Court to stay enforcement of the *Order Awarding Damages* entered on October 30, 2025 (Doc. 64 and 66) awarding damages to Debtor Monique Murphy, pending resolution of PPMG's appeal, and to permit PPMG to deposit the $30,500.00 damages award into the registry of the Court in lieu of posting a supersedeas bond.

## BACKGROUND

1. On October 30, 2025, this Court entered an *Order Awarding Damages* (Doc. 64 and 66)(the "Order") against PPMG in the amount of $30,500.00.

2. The Order requires PPMG to pay $30,500.00 to Debtor Murphy by November 6, 2025, either in person or by mail postmarked no later than November 5, 2025.

3. PPMG has filed a Notice of Appeal of the Order and now seeks a stay of enforcement pending the resolution of that appeal.

1

## LEGAL ARGUMENT

4. This Court has the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105.

5. Fed. R. Bankr. P. 8007 specifically authorizes this Court to issue a stay of a judgment pending appeal.

6. Deposit of funds into the court registry is appropriate in lieu of supersedeas bond. Federal R. Civ. P. 67, which is applicable to bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 7067, provides that a party may deposit with the court all or part of the money sought in a judgment.

7. The Federal Rules of Appellate Procedure recognize that a party may obtain a stay by providing a "bond or other security" rather than specifically requiring a supersedeas bond. U.S.C. Fed. R. App. P. R. 8.

8. Depositing the full amount of the judgment into the court registry provides adequate security to protect Debtor Murphy's interests while the appeal is pending.

9. The deposit of funds into the court registry will ensure that the full amount of the judgment is preserved and available for immediate payment to Debtor Murphy should PPMG's appeal be unsuccessful.

10. In determining whether to grant a stay pending appeal, courts typically consider: (1) whether the movant is likely to succeed on the merits of the appeal; (2) whether the movant will suffer irreparable harm absent a stay; (3) whether a stay will substantially injure other parties; and (4) where the public interest lies.

11. PPMG has substantial grounds for appeal that present significant legal questions regarding the application of the automatic stay and the calculation of damages.

12. Without a stay, PPMG will be required to pay the judgment directly to Debtor Murphy, which would make recovery difficult if the judgment is later reversed or modified on appeal.

13. Debtor Murphy will not be prejudiced by a stay because the full amount of the judgment will be secured by deposit into the court registry, ensuring that funds are available for immediate disbursement if the appeal is unsuccessful.

14. The public interest favors allowing parties to exercise their appellate rights without risking the inability to recover funds if successful on appeal.

## CONCLUSION

**WHEREFORE**, PPMG respectfully requests that this Court (1) grant a stay of enforcement of the October 30, 2025 Order pending resolution of PPMG's appeal, (2) permit PPMG to deposit the sum of $30,500.00 into the registry of this Court in lieu of posting a supersedeas bond; and (3) grant such other and further relief as the Court deems just and proper.

Dated: November 4, 2025.	Respectfully Submitted,

By: /s/ Harry Warden
Harry Warden, Ark. Bar No. 2020274
OK Bar No. 33634
Warden Law Firm
1800 Riverfront Drive, Suite 200
Little Rock, AR 72202
Telephone: (501) 291-0422
Email: harry@wardenfirm.com

By: /s/ Kale L. Ludwig<br>
Kale L. Ludwig, Ark. Bar No 2011137<br>
Ludwig Law Firm, PLC<br>
1217 West 3rd St.<br>
Little Rock, AR 72201<br>
501-868-7500<br>
Kale@Ludwiglawfirm.com

## CERTIFICATE OF SERVICE

I, Harry Warden, hereby certify that on this 4th day of November, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which shall send notification of such filing to all counsel of record. Additionally, this Motion was emailed to Debtor Monique Murphy.

/s/ Harry Warden